**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 23-1019 (MEF) |
| v. | **ORDER** |
| MYRON WILLIAMS, et al., | |
| *Defendants*. | |

As to the recent motions filed by various Defendants, the Court rules as follows.

First, as to the motions to suppress.

By its April 17 Order, the Court required motions to suppress be made relatively earlier than other motions.  Such motions can virtually always be made on an earlier basis --- it is rarely the case that a defense lawyer needs to absorb all of the information provided in discovery before determining (a) that certain information is inculpatory and (b) may be suppressible. Moreover, an earlier timeline for suppression motions is conducive to well-informed plea discussions; whether inculpatory information is suppressed can loom large.  And finally, an earlier timeline for such motions assists the truth-seeking process —-- by allowing the Court to exercise its discretion as to whether to grant (a) a suppression motion hearing, or (b) oral argument, without weighing into the mix any pre-trial time crunch.

Against this backdrop, the Court shall hold evidentiary hearings as to the suppression motions filed here by Defendants Pickett and Kelly.  These shall take place during the week of September 2 or September 9.  Chambers will reach out as to scheduling.  As always, the rules of evidence do not strictly apply at such a hearing.  Immediately after the factual portion of the hearing, the Court will conduct oral argument and will then expect to rule.

Defendant Thomas has not requested an evidentiary hearing. The Court will review the relevant video tape and hear oral argument on the motion during the week of September 2 or September 9. Chambers will reach out as to scheduling. After oral argument, the Court will then expect to rule.

Should Defendant M. Williams wish to make a suppression motion as to his statements --- his papers are ambiguous on this point --- he shall file a letter on or before August 27 clarifying his intentions and laying out the basis for any such motion.

Defendant Alomar has sought to join on to two suppression motions. He lacks standing to do so. His request is therefore denied.

<u>Second</u>, as to the severance motions.

The Court is strongly inclined to exercise is discretion to deny the severance motions, largely for the reasons stated by the United States in its brief.

But earlier motion practice, of the kind that has been required here, makes room for further opportunities for the parties to weigh in. At a status conference to be held during the week of September 2 or 9, the parties shall each be permitted to be heard as to severance to the extent they wish to. Chambers will reach out as to scheduling the status conference.

<u>Third</u>, as to the <u>James</u> hearing request.

Same as above. The Court is strongly inclined to deny the motion but will hear from counsel to Pickett and J. Williams to the extent they wish to be heard, at the to-be-scheduled status conference.

<u>Fourth</u>, as to the bill of particulars request.

The Court will reserve judgment pending receipt of three sets of things.

The first: the materials that the United States will be providing in response to M. Williams' recent adjournment request. That will provide the Court with a detailed and first-hand sense of the sort of information the United States has provided here in discovery.

The second: a brief update letter, to be filed by the United States on or before August 30, as to the possibility, subject always to security concerns, of providing earlier-yet trial

exhibits and earlier-yet 3500 materials (at least as to some witnesses). As the case law suggests, the more information of that sort that is provided in advance, the less the need for a bill of particulars. And some information would seem to be both especially helpful for the Defendants and on a distinct footing from a security perspective. For example, assertedly inculpatory video excerpts that depict narcotics trafficking or acts of violence that are to be trial exhibits --- those would seem to be helpful to produce early, if they have not already been.

The third: a sense of what extra discovery will be necessitated should the United States seek and obtain a superseding indictment.[1] The Court imagines that the United States will be amenable to producing during the week of August 26 the discovery it would otherwise plan to produce immediately upon the return of any superseder. Whether the United States has or has not produced such materials during the week of August 26 shall be described in the August 30 letter.

Fifth, as to the various requests for information addressed in the United States' brief at Part V, the Court exercises its discretion to deny those requests, largely for the reasons stated by the United States, with certain exceptions.

The first is that the Court will hear oral argument as to the 404(b) motions at the upcoming status conference. It will be helpful, on this point, to further understand the parties' positions. The briefing here has been admirably strong; but it covers a large number of points, and the Court has a bit less than it needs on the 404(b) discussion.

The second relates to Giglio. It bears noting that the Court is less confident than the United States as to the law authorizing relatively late Giglio production. Production that is too late may not be meaningfully useful at trial to a given defendant, and that can add up to a Due Process concern.

---

[1] The referenced indictment had been described to the Court on April 16 as coming in "June or July," but is now apparently coming in mid-September, on a schedule that will at least potentially require, under the Speedy Trial Act, a pushed-off trial or multiple trials. And the superseder had been described to the Court on April 16 as requiring no supplemental discovery --- but this week's letter from the United States suggests that extra discovery will be required.

3

<u>Sixth</u>, as indicated in its April 17 order, the Court aims to be attuned to the needs of the defense attorneys here as they prepare for trial. Experience suggests that the need for additional motions can become apparent as trial draws closer and as preparation grows more intense. And that is true even as to motions that are based on information that was previously-provided in discovery. Accordingly, the Court will not cabin the defendants' further motion practice in the manner suggested by the United States in Part VI of its brief.

The defendants may file any motions that are not motions in limine until ten calendar days before the first morning of jury selection. Such motions may be in the form of letter briefs, and may cover, in total, no more than ten single-spaced pages. The United States shall respond to such motions on a reasonably prompt basis.

The defendants may file any motions that are motions in limine until seven calendar days before the first morning of jury selection. Such motions may be in the form of letter briefs, and may cover, in total, no more than ten single-spaced pages. The United States shall respond to such motions on a reasonably prompt basis.

It is on this 23rd day of August, 2024 **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.